Patricia **HARRIS**, et al., Plaintiffs,

v.

**OFFICE OF THE ARCHITECT OF THE CAPITOL, Defendant.**

Civil Action No. 97–1658 (EGS).

United States District Court, District of Columbia.

July 16, 1998.

Alice Lane Bodley, Barbara Jean Kraft, Beins, Bodley, Axelrod & Kraft, P.C., Washington, DC, for Plaintiffs.

Stacy M. Ludwig, Mary Lou Leary, U.S. Attorney's Office, Washington, DC, for Defendant.

## OPINION & ORDER

SULLIVAN, District Judge.

### I.   BACKGROUND

In 1996, Congress passed the Congressional Accountability Act (CAA), 2 U.S.C. § 1301 *et seq.*, which made eleven laws, including labor and civil rights statutes, applicable to the legislative branch, with certain limitations and requirements, *see, e.g.*, 2 U.S.C. § 1403 (requiring mediation prior to filing suit); 2 U.S.C. § 1361(c) (prohibiting punitive damages).

Plaintiffs are "custodial workers" employed by the Office of the Architect of the Capitol.  Defendant is the Office of the Architect of the Capitol, which is the "employing office" under the CAA, 2 U.S.C.

§ 1301(9)(D). Plaintiffs allege that "custodial workers" are overwhelmingly female and that their wages (and wage classification) are lower than "laborers" who are predominantly male. Plaintiffs thus bring this suit alleging violations of Title VII, 42 U.S.C. § 2000e, and the Equal Pay Act (EPA), 29 U.S.C. § 206(d), as applied to defendant through the CAA.

## II. DISCUSSION

Defendant has moved to dismiss plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues that this Court lacks jurisdiction over plaintiffs' claims because plaintiffs have improperly brought their claims under Title VII and the EPA rather than under the CAA, and also, that plaintiffs failed to exhaust their administrative remedies under the CAA as to their EPA claims.

### A. Lack of Jurisdiction Over Title VII and EPA Claims

■ Plaintiffs argue that the effect of the CAA was to extend the jurisdiction of Title VII and EPA and therefore, that plaintiffs may bring claims under Title VII and other statutes in addition to claims under the CAA.

Defendant, on the other hand, argues that the CAA is the sole statute under which plaintiffs may bring their claims against the legislative branch. Defendant points to the fact that Congress did not amend each of the eleven statutes to extend them to Congress, but rather drafted a new act, the CAA, which incorporated the "rights and protections" of the several acts into the CAA. Moreover, the fact that the CAA has a jurisdiction granting section, see 2 U.S.C. § 1408,[1] further supports defendant's argument that the CAA is the sole source of jurisdiction for this Court. The Court agrees with defendant that the purpose of the CAA was to make the several civil rights, labor, and other laws applicable to the legislative branch and therefore, that claims must be brought under the CAA rather than under the individual statutes.

Therefore, plaintiffs' claims under Title VII and the EPA are hereby **DISMISSED** without prejudice to asserting claims under the CAA.

### B. Failure to Exhaust Administrative Remedies for EPA claims

■ Defendant argues that plaintiffs did not specifically raise § 203 of the CAA, which incorporates the EPA, in their mediation or administrative complaint. Plaintiffs argue that under the CAA procedures an individual need not state all the legal bases for her complaint in her administrative complaint. Plaintiffs point to the form for a "Formal Request for Counseling" which states only ("Describe the Conduct Complained of; Including Date(s) and Person(s) Involved"). As an example, plaintiffs attach the "Formal Request for Counseling" by Plaintiff Harris which states

> The Architect of the Capitol has violated Section 201(a)(1) of the Congressional Accountability Act by arbitrarily and capriciously discriminating against the classification of Custodial Worker—which is primarily held by women—by underpaying this classification.

Defendant argues that because the complaint specifies § 201 (incorporating Title VII) but does not mention § 203 (incorporating the EPA), plaintiff failed to exhaust her administrative remedies with respect to her § 203(EPA) claims.

Plaintiffs, however, argue a liberal reading of Plaintiff Harris' administrative complaint setting forth the "conduct complained of," especially the claim of "underpaying" this classification, should have put the employer on notice of an Equal Pay Act claim. Plaintiffs also contend that the counseling period prescribed by the CAA, establishing the Office of Compliance (OC), is meant to inform

---

1. The full text of § 1408 reads as follows:
   (a) Jurisdiction
   The district courts of the United States shall have jurisdiction over any civil action commenced under section 1404 of this title and this section by a covered employee who has completed counseling under section 1402 of this title and mediation under section 1403 of this title. A civil action may be commenced by a covered employee only to seek redress for a violation for which the employee has completed counseling and mediation.

individuals of their rights. Therefore, plaintiffs argue that if the EPA was not mentioned to plaintiffs as a basis for suit, it was an omission by the OC not by plaintiffs.

Moreover, plaintiffs argue that the purpose of the administrative complaint is to put defendant on notice of claims, and is not meant to require legal specificity. Finally, plaintiffs argue that mediation of the EPA claims would serve no useful purpose since they would complain of the same conduct they have already.

Defendant argues, however, that important interests would be served by dismissing plaintiffs' § 203(EPA) claims so that the parties may exhaust their administrative remedies and seek to resolve the EPA claims before litigating them in court. Defendant also claims it did not have notice of the EPA claims before this action was filed.

The Court concludes that plaintiffs should be allowed to state claims under § 203 because in their administrative complaint plaintiffs set forth the conduct that they were complaining of, regardless of what statute it violated. Moreover, the "Formal Request for Counseling" form only requires that an individual set forth the conduct that person is complaining of, and does not require that individual state the legal basis for her complaint. Plaintiffs thus should not be penalized for not stating all the applicable sections of the Act, as the conduct set forth was sufficient to place defendant on notice of an Equal Pay Act claim.

## C. Plaintiffs Rucker and Perry's Failure to Mediate Claims

Defendant argues the claims of these two plaintiffs should be dismissed because these plaintiffs have not mediated any of their claims. Plaintiffs argue this point will be moot once the class is certified because the doctrine of vicarious exhaustion will apply to the class. *See Hartman v. Duffey,* 88 F.3d 1232, 1235 (D.C.Cir.1996).

Because plaintiffs have represented that they will seek class certification, and because any failure to exhaust by Plaintiffs Rucker and Perry will be immaterial if the Court decides to certify such a class, the Court will not address the issue of whether these two plaintiffs' claims should be dismissed until after it has addressed the issue of class certification.

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendant's motion to dismiss is **GRANTED** to the extent that plaintiffs Title VII and EPA claims are **DISMISSED** without prejudice to the filing an amended complaint asserting the appropriate claims under the CAA; and it is further

**ORDERED** that defendant's motion to dismiss is **DENIED** [# 11–1] as to all other claims;

**ORDERED** that plaintiffs shall file, by no later than **August 7, 1998,** a third amended complaint properly setting forth their claims under the CAA.